**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERT ALAN KEMP, dba NEVADA CENTRAL RAILROAD,<br><br>Petitioner,<br><br>v.<br><br>SURFACE TRANSPORTATION BOARD and UNITED STATES OF AMERICA,<br><br>Respondents. | No. 09-70576<br><br>STB No. AB-33 (Sub-No. 230X)<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Surface Transportation Board

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Robert Alan Kemp petitions for review of a decision of the Surface

Transportation Board ("STB") upholding a decision of the Director of the Office of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Proceedings rejecting Kemp's offer of financial assistance ("OFA") under 49 U.S.C. § 10904 to avoid abandonment of a rail line. We have jurisdiction under 28 U.S.C. §§ 2321(a) and 2342(5). We review the STB's findings for substantial evidence, 5 U.S.C. § 706(2)(E), and its procedural rulings for an abuse of discretion, 5 U.S.C. § 706(2)(A). We deny the petition.

Substantial evidence supported the STB's decision to reject Kemp's OFA. *See Redmond-Issaquah R.R. Pres. Ass'n. v. Surface Transp. Board*, 223 F.3d 1057, 1064 (9th Cir. 2000) (affirming STB's conclusion that no potential existed for future rail traffic or service).

The STB did not abuse its discretion by refusing to strike Union Pacific Railroad Company's responses to pleadings filed by Kemp because these responses were expressly permitted. *See* 49 C.F.R. § 1104.13(a) (permitting replies or motions addressed to pleadings filed with the STB). Contrary to Kemp's contention, Union Pacific provided all required information. *See* 49 C.F.R. §1152.27(a) (identifying information that applicants for abandonment must supply at the request of a party considering an OFA). Finally, the STB did not abuse its discretion by refusing to serve as a trustee or as escrow agent for Kemp in connection with his OFA, nor by denying Kemp's request to amend his OFA.

Kemp's request in his opening brief to correct the agency docket is denied.

Kemp's motion for an extension of time to file an optional reply brief is denied; Kemp filed an oversized opening brief that thoroughly addressed all relevant issues and the parties submitted the entire record before the STB.

**PETITION FOR REVIEW DENIED.**